BESSIE M. TOMPKINS AND HARRY TOMPKINS, RESPONDENTS, v. BURLINGTON ISLAND AMUSEMENT COMPANY AND ROBERT MERKEL, APPELLANTS.

Submitted October 30, 1925—Decided March 18, 1926.

The collapsing of a slip, provided by the owners of an amusement park for the use of its patrons in embarking and disembarking from boats, in reaching and leaving the park, raises a presumption of negligence sufficient to require the cause to be submitted to the jury.

On appeal from the Supreme Court.

For the appellants, *Carr & Carroll.*

For the respondents, *James Mercer Davis.*

The opinion of the court was delivered by

CAMPBELL, J.   The respondents on Memorial Day, 1922, visited the amusement park of the appellant, Burlington Island Amusement Company, located on an island in the Delaware river.   The park can be reached only by boats, and the amusement company had provided a wharf for the river steamers and a float for smaller vessels or launches.   The float was connected to a pier by a slip, which at one end was hinged to the pier and had the other end resting on the float.   Respondents in leaving the park for the purpose of taking a launch by which to reach their home in Bristol, Pennsylvania, walked out on the small pier, and while going down the movable slip, in company with others, were thrown in the water by the collapse of the slip.   The respondents were injured and brought suit against the appellants to recover damages therefor, the respondent, Harry Tompkins, also suing to recover damages for loss of services and *consortium,* and cost of effecting a cure of his wife's injuries.   The trial resulted in verdicts for both respondents, and it is from the judgments entered thereon that this appeal is taken.

The first ground of appeal is that the trial court erred in refusing to nonsuit the respondents and to direct a verdict for the appellants because there was no evidence of negligence.

But there was evidence of negligence requiring a submission of the cause to the jury.   Respondents were upon the premises of the amusement company by invitation.   The slip which collapsed was constructed by the company and was under its control.   Its collapse, when being used for the purpose for which it was constructed and designed, at least, raised a presumption of negligence calling for an explanation from the company.   *Bahr* v. *Lombard Ayres & Co.,* 53 *N. J. L.* 233; *Smith* v. *Jackson,* 70 *Id.* 183; *Mumma* v. *Easton and Amboy Railroad Co.,* 73 *Id.* 653; *Vecsy* v. *Central Railroad Co.,* 88 *Id.* 177.

It is further contended that the collapse of the slip was caused by a great number of persons jumping from the larger wharf down upon the slip, and that this was an independent

intervening cause. It was a disputed question of fact, however, as to whether or not this occurrence took place; that if it did, then whether or not it was the proximate cause of the collapse of the slip, and, finally, if these two contentions were found to be true, there remained a further contested question of fact as to whether the jumping of these persons from the large wharf upon the slip was not due to negligent management upon the part of the appellants.

It is next insisted that if it was not error to refuse to nonsuit or direct a verdict as to the appellant Burlington Island Amusement Company, it was error in refusing such motions as to the appellant Robert Merkel. We conclude that it was not. He was the general manager of the amusement company and had charge of and directed the construction of the structure, the breaking of which caused the happening, and as manager he had the supervision and management of the park and all matters therein were under his direct control.

The remaining ground for reversal is that the trial court erred in permitting the respondent Harry Tompkins to testify over objection, that in remaining at home to care for his wife and perform the household duties she would otherwise have performed he lost an opportunity to take a position at which he would have earned $18 per week. We think however, that if there was error in this it was cured by the instructions to the jury upon this point by the trial judge.

The judgments below are affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.